### SUNFLOWER RIVER PACKET CO. *v.* GEORGIA PAC. R. CO.

(*Circuit Court, S. D. Mississippi, W. D.*   July Term, 1889.)

FEDERAL COURTS—JURISDICTION—NAVIGABLE WATERS.

The federal courts have jurisdiction of an action by a steam-boat company to recover damages of a railroad company for obstructing a navigable river of the United States by building a bridge across it, regardless of the citizenship of the parties.

At Law.   Motion to dismiss.
*Albert M. Lea*, for plaintiff.
*Yerger & Percy*, for defendant.

HILL, J.   This is a suit brought by the plaintiff against the defendant to recover damages for the obstruction to the navigation on Sunflower river, by placing a bridge across said stream. The declaration alleges that the Sunflower river is one of the navigable streams of the United States, and has long been used as such for the transportation of persons and freights on steam-boats plying upon said river for many miles above the point where said bridge is built, and that the plaintiff, as a corporation created under the laws of this state, is engaged in transporting persons and freight upon steam-boats from the port of Vicksburg to points on said Sunflower River as high as the same is navigable, and that its boats are duly enrolled and licensed for the coasting trade, conformably with the provisions of title 50 of the Revised Statutes of the United States; that the defendant corporation obtained an act of the congress of the United States to place a bridge across said river, provided it should not interfere with the navigation by steam-boats upon said river; that the defendant, in the construction of said bridge, has so constructed

it that it does prevent and obstruct the plaintiff from running its steam-boats above and beyond said bridge, to the damage of the plaintiff the sum of $5,000. The defendant moves the court to dismiss the suit for the want of jurisdiction in this court to try and determine the controversy between the parties, upon the ground that both the plaintiff and defendant are citizens of this state, and that there is no federal question involved in the suit, as shown by the declaration. Whether there is or is not such federal question is the only question now to be determined.

It is not controverted that the Sunflower river is one of the navigable water-courses of the United States, and was so used at the point where said bridge has been built across said river, and for a considerable distance above said point, and was before the construction of said bridge navigated by plaintiffs, by their steam-boats, under a license from the United States. This right and privilege is certainly derived from the United States; and, for any unlawful obstruction or interference with the right to navigate the said river, this court certainly has the jurisdiction to try and determine the injuries done the plaintiff, and afford the proper remedy, if established as alleged in the declaration. I am satisfied that this court has full jurisdiction of the controversy stated in the pleadings, and that the motion to dismiss the cause must be overruled, and it will be so ordered.